[Cite as *Capital One Bank (USA), N.A. v. Battison*, 2013-Ohio-5843.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0016** |
| MICHAEL E. BATTISON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Warren Municipal Court, Case No. 2012 CVF 02169.

Judgment: Affirmed.

*Deborah A. Winslow*, P.O. Box 5016, Rochester Hills, MI 48308 (For Plaintiff-Appellee).

*Robert L. York*, 138 East Market Street, Warren, OH 44481 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Michael E. Battison, appeals the judgment entered by the Warren Municipal Court in favor of appellee, Capital One Bank (USA), N.A. ("Capital One"), on its complaint to collect a balance owed on a credit card. For the reasons that follow, we affirm.

{¶2} In its complaint, Capital One alleged the following: (1) the parties entered into an agreement for a credit card account; (2) by use of the account, appellant became bound by the Terms and Conditions of the agreement; (3) appellant defaulted

on the terms of the credit card agreement; and (4) although demanding payment on the account, appellant has failed to liquidate the balance due and owing. Capital One alleged that the principal amount due was $8,668.99 and interest of $1,321.98, totaling $9,990.97. Capital One attached to its complaint the application, the customer agreement, and a past-due bill.

{¶3} Appellant filed an answer denying each allegation stated in the complaint and asserted the following affirmative defenses: payment, release, and waiver/estoppel.

{¶4} Thereafter, on December 28, 2010, appellant filed a motion for summary judgment. In his motion, appellant outlined the law regarding an action on an account and, in a conclusory fashion, asserted that Capital One could not "produce evidence upon each element of a claim upon an account."

{¶5} Capital One then filed both a motion for summary judgment and a response to appellant's motion for summary judgment on January 21, 2011. In its motion for summary judgment, Capital One argued that appellant submitted an application for a credit card; Capital One sent him a customer agreement and credit card; appellant thereafter used the credit card to purchase goods and/or services; Capital One sent appellant periodic billing statements; and appellant failed to make payments as required by the customer agreement. Capital One attached numerous billing statements from November 13, 2003, through January 13, 2010; the terms and conditions; a copy of the signed credit card application; and an affidavit of Timothy Wood.

{¶6} Mr. Wood averred that he was "over 18 years of age and competent to make this affidavit." Mr. Wood averred that he was the authorized agent of Capital One

2

and that appellant is indebted to Capital One for the sum of $8,668.99, plus interest accruing from January 20, 2010, at the current annual interest rate of 24.99%.

{¶7} The trial court denied both Capital One's and appellant's motions for summary judgment. With respect to Capital One's motion, the trial court found Mr. Wood's affidavit did not properly incorporate the attached evidentiary exhibits.

{¶8} The matter proceeded to trial. Appellant was the only witness to testify. Appellant testified that he maintained a Capital One account and acknowledged a balance due, but disputed the amount. The trial court found that appellant owed the sum of $5,868.31 to Capital One.

{¶9} Appellant appealed and assigns the following errors for our review:

[1.] The court below erred in entering judgment denying appellant's motion for summary judgment and in adhering to its judgment by overruling objections by appellant to the magistrate's decision recommending denial of said motion.

[2.] The court below erred in entering judgment against appellant on an account and in adhering to that judgment by overruling the objections by appellant to the magistrate's decision recommending said judgment against appellant.

{¶10} Under his first assignment of error, appellant asserts the trial court erred in denying his motion for summary judgment. We disagree.

{¶11} Pursuant to Civil Rule 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶12}** To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Pursuant to Civ.R. 56(C), the evidence to be considered is limited to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *." If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E). *Id.*

**{¶13}** An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, the court of appeals applies "the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Nationwide Prop. Casualty Ins. Co. v. Kavanaugh*, 2d Dist. Montgomery No. 25747, 2013-Ohio-4730, ¶11, citing *Viock v. Stowe-Woodward Co.* 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶14}** In his motion for summary judgment, without relying on any evidentiary material, appellant merely outlined the law regarding an action on an account and then concluded that Capital One could not "produce evidence upon each element." In essence, appellant was challenging the sufficiency of Capital One's complaint. Appellant, as the moving party, did not meet his *Dresher* burden; i.e., he failed to affirmatively demonstrate that there are no genuine issues of material fact to be resolved in the case, relying on Civ.R. 56(C) evidence. Appellant's motion was, in

4

reality, a motion pursuant to Civ.R. 12(B)(6)—failure to state a claim upon which relief can be granted. Therefore, contrary to appellant's argument on appeal, the burden never shifted to Capital One to set forth specific facts which prove there remained a genuine issue to be litigated, pursuant to Civ.R. 56(E).

{¶15} Under his second assignment of error, appellant maintains the trial court erred in calculating damages at $5,868.31, as there is no evidence in the record to determine the amount of the unpaid balance to a reasonable degree of certainty. Appellant points to the fact that although Capital One provided numerous bank statements, it failed to provide monthly statements for any month between the dates of September 13, 2006, through October 21, 2008.

{¶16} The transcript of the commencement of the trial is a textbook example of how to confound a reviewing court when attempting to assess error. First, Capital One's counsel called no witnesses; he simply offered the affidavit and exhibits that were previously attached to Capital One's motion for summary judgment. Counsel for appellant objected to the affidavit and further asserted the exhibits could not be admitted if the affidavit was not admitted. The magistrate did not definitively rule on the objection but noted it for the record. Counsel for appellant must have assessed this as an overruling of his objection, because his next comment was: "May I look at the affidavit and exhibits that are being admitted before I make further remarks?" The court replied: "Sure." A discussion was then held to verify counsel had all of the exhibits.

{¶17} Capital One rested, and appellant's counsel called appellant to testify. During appellant's testimony, he identified several exhibits. At the conclusion of

5

appellant's testimony, he offered for admission, without objection, Exhibits I, N, O, P, Q and R.

{¶18} In his decision, the magistrate indicated that appellee's affidavit did not properly incorporate the exhibits and, therefore, "sustained" the objection to those items, essentially as he had done in the ruling on the motion for summary judgment.

{¶19} At trial, Capital One did not dispute the lack of monthly statements of the aforementioned dates but noted that appellant's account had been charged off and there were no transactions after August 2006 except past due fees and late charges. Therefore, at trial, Capital One sought judgment in the amount of $6,396.77.

{¶20} During trial, appellant argued that Capital One did not correctly apply payments he had made. To support this assertion, he submitted the above-mentioned exhibits reflecting payments made to his Capital One account between December 17, 2006, and January 12, 2007. The exhibits depicted appellant's payments and the balance due on his Capital One card. Exhibit R, introduced by appellant at trial, illustrated his last payment of $199, submitted on January 12, 2007, which reduced appellant's Capital One balance to $5,868.31. In finding for Capital One in the amount of $5,868.31, the magistrate reasoned:

> A review of the documents submitted by the Defendant show the 'current balance' as of 1/12/07, which was after the last payment shown was $5,868.31. As stated above, the statement does appear to have credited the Defendant with payments made previously.
>
> However, Defendant does point out and the evidence does show a gap in the monthly billing statements between 2006 and 2008.
>
> [B]ased on the Defendant's testimony that he did obtain a credit account with the Plaintiff and did make purchases and use that

6

account I find that from the Defendant's exhibits, admitted into evidence, that the sum of $5,868.31 is owed.

{¶21} It is clear from the trial court's analysis that it utilized appellant's admitted exhibits to ascertain the amount of judgment; however, on appeal, appellant now attempts to argue the admitted exhibits were not intended to demonstrate the balance of the account. Appellant claims they were only offered to establish the lack of proper credit for payments made. Appellant did not argue this theory at trial. He raised it for the first time in his objections to the magistrate's decision. Yet, regardless of his intention for offering them at trial, it is clear that the exhibits—which illustrated the payments made, the credit of the payments, and the ending balance owed to Capital One—provided a substantial basis for the award issued by the trial court.

{¶22} Appellant's second assignment of error is without merit.

{¶23} Based on the opinion of this court, the judgment of the Warren Municipal Court is hereby affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶24} I agree with the majority as to the outcome of this case but write separately. In addition I agree with the majority that the transcript of the trial is a textbook example of how to confound a reviewing court when attempting to assess error.

7

{¶25} The failure of Capital One to sustain its burden by not presenting evidence or witnesses in its case in chief necessitated the trial court, if requested by a Civ.R. 50 motion for a directed verdict, to dismiss the complaint. Unfortunately, the failure to do so by the defense, along with the defendant's decision not to rest after the plaintiff concluded their case in chief by presenting his own testimony, left the trial court with no choice but to grant judgment in favor of Capital One and necessitates affirming the trial court in this matter.

{¶26} Thus, reluctantly I concur.